UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN LORENZO (A# 098-983-921)<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-06359 DAD SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Respondent has informed the Court that Petitioner has another § 2241 action pending in this district, Lorenzo v. Warden, Mesa Verde Detention Facility, No. 1:26-cv-04805-DC-SCR (E.D. Cal.) ("Lorenzo I"). On August 19, 2026, the undersigned issued findings and recommendations in that first-filed action that Respondent provide Petitioner with a bond hearing. Lorenzo I, ECF No. 9. The objection period has not yet closed. Because the two actions are essentially identical, the undersigned recommends this action be dismissed as duplicative.

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (citing Adams v. California Dep't of Health Servs., 487 F.3d

684, 688-89 (9th Cir. 2007), overruled in part on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. (citation omitted).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 487 F.3d at 689 (citations omitted). Regarding the causes of action and relief sought, both petitions challenge Petitioner's prolonged detention without bond under the Due Process Clause of the Fifth Amendment and request his release or, in the alternative, a bond hearing before a neutral decision-maker. Thus, the first requirement is met. The second requirement asks whether the respondents are the "same or in privity." Adams, 487 F.3d at 691. The second element is satisfied because the Warden of the Mesa Verde Detention Facility is the Respondent in each of Petitioner's actions. Accordingly, dismissal is proper.

Generally "where a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." Woods v. Carey, 525 F.3d 886, 888–90 (9th Cir. 2008). However, the petitions are materially the same and a final order on the merits is imminent in Lorenzo I. Thus, construing the later-filed petition as a motion to amend would serve no purpose. Accordingly, the instant petition for writ of habeas corpus should be dismissed as duplicative of the petition filed in Lorenzo I.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's petition for writ of habeas corpus (ECF No. 1) be dismissed without prejudice as duplicative of Lorenzo v. Warden, Mesa Verde Detention Facility, No. 1:26-cv-04805-DC-SCR (E.D. Cal.).

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 21, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE